# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDY SOKOL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BRENT CLARK, M.D., P.C. and BRENT ) <br> CLARK in his individual capacity, and ) <br> JUDY CLARK in her individual capacity, ) <br> ) <br> Defendants. ) | Civil Action No. 16-1477 <br><br> Hon. Nora Barry Fischer |

## ORDER OF COURT

AND NOW, this 3rd day of November, 2016, upon consideration of the Motion to Dismiss for Failure to State a Claim filed by Defendants Brent Clark, M.D., P.C.; Brent Clark in his individual capacity; and Judy Clark in her individual capacity, (Docket No. 15), and accompanying exhibits, (Docket Nos. 15-1, 15-2, 15-3, 15-4, 15-5, 15-6, 15-7); Plaintiff's Brief in Opposition to Defendants' Motion, (Docket No. 16), and accompanying exhibits, (Docket Nos. 16-1, 16-2, 16-3, 16-4); and after reviewing the allegations in Plaintiff's Complaint, (Docket No. 1), in light of the relevant legal standard on a motion to dismiss under Rule 12(b)(6), *see, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010); and for the following reasons, Defendants' Motion to Dismiss for Failure to State a Claim [15] is DENIED, without prejudice.

In so holding, the Court notes that both parties have submitted documents outside the pleadings, *see* FED. R. CIV. P. 12(d), which are beyond the scope of the Court's review of the

1

allegations in Plaintiff's Complaint to resolve a motion to dismiss under Rule 12(b)(6). *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004). Further, in contravention of Third Circuit precedent, Plaintiff has argued additional facts in her opposition brief which are not pled in her Complaint. *See Dongelewicz v. PNC Bank Nat'l Ass'n*, 104 F. App'x 811, 819 n.4 (3d Cir. 2004) ("'[A] contention in a brief' 'clearly . . . may not' be used to 'substitute for an allegation in a complaint.'") (quoting *Williams v. New Castle County*, 970 F.2d 1260, 1266 n.4 (3d Cir. 1992)).

To this end, Plaintiff filed her Complaint on September 26, 2016, asserting federal and state law claims against Defendants for hostile work environment; constructive discharge; retaliation; aiding and abetting; civil conspiracy; housing discrimination; battery; and malicious prosecution. Defendants have moved to dismiss Plaintiff's claims for housing discrimination and malicious prosecution in Counts IX and XI of her Complaint. (Docket No. 15). In support of their motion, which does not comply with the Court's Practices and Procedures regarding briefing, Defendants rely, in part, upon proceedings that previously occurred before Magisterial District Judge Leonard J. Hromyak and Judge R. Stanton Wettick, Jr. of the Court of Common Pleas of Allegheny County. Attached to their brief, Defendants include: (1) docket entries of *Judy A. Clark v. Brandy Foster*, MJ-05206-LT-0000449-2015, before Judge Hromyak, (Docket No. 15-1); (2) docket entries of *Judy A. Clark v. Brandy Foster*, LT-15-001144, before Judge Wettick, (Docket No. 15-2); (3) an answer filed in LT-15-001144, (Docket No. 15-3); (4) preliminary objections filed in LT-15-001144, (Docket No. 15-4), which include as attachments a lease agreement, (*id.* at 9-12), a notice of rent due, (*id.* at 13), and the complaint filed in LT-15-001144, (*id.* at 14-17); (5) an order sustaining the preliminary objections filed in LT-15-001144, (Docket No. 15-5); (6) an arbitration report filed in LT-15-001144, (Docket No. 15-6); and (7) a

praecipe to discontinue without prejudice filed in LT-15-001144, (Docket No. 15-7). Similarly, attached to her response to Defendants' Motion, Plaintiff includes: (1) preliminary objections filed in LT-15-001144, (Docket No. 16-1), which include as attachments a lease agreement, (*id.* at 9-12), a notice of rent due, (*id.* at 13), and the complaint filed in LT-15-001144, (*id.* at 14-17); (2) docket entries of LT-15-001144, (Docket No. 16-2); (3) an arbitration report filed in LT-15-001144, (Docket No. 16-3); and (4) a notice of appeal from an arbitration award filed in LT-15-001144, (Docket No. 16-4).

The Court finds that the parties have improperly relied upon matters outside the pleadings in support of and in opposition to the present Motion to Dismiss, *see, e.g.*, *Lum*, 361 F.3d at 222 n.3, and further holds that the Motion cannot be converted to a motion for summary judgment under Rule 12(d) as it is prematurely made and does not otherwise comply with the Local Rules of Court, *see* W.D. Pa. LCvR 56, requiring the corresponding submission of concise statements of material facts, appendices, and the like. Moreover, the Court notes that Defendants' arguments in support of the dismissal of Plaintiff's malicious prosecution claim are based upon the doctrine of collateral estoppel. (*See* Docket No. 15 at 9-10). At this juncture, however, application of the doctrine of collateral estoppel "would be complicated in this case by the incomplete summary judgment record and could not be decided on a motion to dismiss given the detailed nature of the factual inquiry generally required." *Patetta v. Wells Fargo Bank, NA*, No. 09-CV-2848, 2010 U.S. Dist. LEXIS 47233, at *33 (D.N.J. May 12, 2010); *see also Brody v. Hankin*, 145 F. App'x 768, 773 (3d Cir. 2005) (finding that the district court erred by dismissing the plaintiffs' complaint on res judicata grounds because "such grounds were not present on the face of the [plaintiffs'] complaint"); *Irish v. Ferguson*, 970 F. Supp. 2d 317, 353 n.43 (M.D. Pa. 2013) (noting that "given the similarity between res judicata and collateral estoppel, both can be

the subject of a motion to dismiss when the defense is obvious *on the face of the complaint*") (emphasis added). Similarly, Defendants argue that Plaintiff's "state housing discrimination claim" must be dismissed because Plaintiff failed to follow the procedures established by the Pennsylvania Human Relations Commission. (Docket No. 15 at 7). However, Plaintiff alleges a claim in Count IX of her Complaint for the violation of the Fair Housing Act, 42 U.S.C. § 804(b) and § 818.

For these reasons,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss for Failure to State a Claim [15] is DENIED, without prejudice to renewing said arguments in a motion for summary judgment filed after the completion of fact discovery in this case; and

IT IS FURTHER ORDERED that Defendants shall file their Answer to Plaintiff's Complaint by **November 17, 2016**.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record