IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDY SOKOL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BRENT CLARK, M.D., P.C. and BRENT ) <br> CLARK in his individual capacity, and ) <br> JUDY CLARK in her individual capacity, ) <br> ) <br> Defendants. ) | Civil Action No. 16-1477 <br><br> Hon. Nora Barry Fischer |

## **MEMORANDUM ORDER**

Presently before the Court is Defendants' Motion to Dismiss Count IX for Lack of Jurisdiction and supporting brief, (Docket Nos. [30], [31]), and Plaintiff's response, (Docket No. [33]). After careful consideration of all of the parties' submissions, and for the following reasons, Defendants' Motion to Dismiss [30] is DENIED.

In so holding, the Court notes that Defendants' Motion seeks to dismiss Count IX for lack of jurisdiction under Rule 12(b)(1) based on their assertion that Section 3603 of the Fair Housing Act exempts landlords from liability. (Docket No. 30 at 3). But, Defendants' Motion to Dismiss is procedurally flawed because the Court finds persuasive cases holding that the exemption defense is an affirmative defense that is not "jurisdictional" and cannot be raised under Rule 12(b)(1). *See, e.g.*, *Ho v. Donovan*, 569 F.3d 677, 682 (7th Cir. 2009) ("Section 3603(b) is captioned 'Exemptions,' which makes it an affirmative defense."); *United States v. Space Hunters, Inc.*, 429 F.3d 416, 426 (2d Cir. 2005) ("Courts have consistently characterized exemptions to the FHA as affirmative defenses"); *Thurmond v. Bowman*, No. 6:14-CV-6465,

1

2016 U.S. Dist. LEXIS 136083, at *16 n.5 (W.D.N.Y. Sept. 30, 2016) ("The exemptions within § 3603(b) are affirmative defenses.").

Indeed, the Court of Appeals has recently instructed District Courts to approach these types of disputes as to the applicable standard of review with "particular care" and to refrain from engaging in "improper consideration of a merits question under Rule 12(b)(1)" because it "significantly raises both the factual and legal burden on the plaintiff." *Hartig Drug Co. v. Senju Pharm. Co. Ltd.*, 836 F.3d 261, 273 n.14 (3d Cir. 2016) ("Because Rule 12(b)(6) is the preferred mechanism for the early testing of a plaintiff's claims, and because defendants are nevertheless likely to prefer the relaxed standards of Rule 12(b)(1), district courts confronted with arguments framed as 12(b)(1) challenges to jurisdiction should approach those arguments with particular care."); *see also Davis v. Wells Fargo*, 824 F.3d 333, 348 (3d Cir. 2016) ("[A] district court must take care not to reach the merits of a case when deciding a Rule 12(b)(1) motion.") (internal quotations omitted). The same is true here because Defendants have the burden of proof on their affirmative defense related to the Fair Housing Act's exemptions. Because the basis of Defendants' affirmative defense is not apparent on the face of the Complaint, the Court must deny Defendants' Motion. *See Ball v. Famiglio*, 726 F.3d 448, 459 n.16 (3d Cir. 2013) (explaining that courts may consider affirmative defenses at the motion-to-dismiss stage of a case, "provided that the basis of the defense [is] apparent on the face of the complaint").

Moreover, the cases upon which Defendants rely, which were decided under Rule 56 or after trial, do not provide any support for Defendants' "jurisdictional" basis for dismissal. (Docket No. 31 at 4-5 (citing *McKivitz v. Twp. of Stowe*, 769 F. Supp. 2d 803 (W.D. Pa. 2010) (decision at summary judgment); *Lamb v. Sallee*, 417 F. Supp. 282 (E.D. Ky. 1976) (post-trial decision)). Defendants have not suggested that the Court convert their Rule 12(b)(1) motion to a

motion for summary judgment, and the Court declines to do so for several reasons. As noted above, the exemption defense is an affirmative defense that is not apparent on the face of Plaintiff's Complaint. Thus, to succeed on this affirmative defense, Defendants must point to the existing record and demonstrate that there are no genuine disputes of material fact and that a reasonable jury would be compelled to find in their favor. *See, e.g.*, *El v. Southeastern Pennsylvania Trans. Authority (SEPTA)*, 479 F.3d 232, 238 (3d Cir. 2007) (citations omitted) (when a party moves for summary judgment on an affirmative defense "it must show that it has produced enough evidence to support the findings of fact necessary to win" at trial and that "a reasonable juror would be compelled to find its way on the facts needed to rule in its favor on the law."). Defendants have not done so here.

For these reasons,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss Count IX for Lack of Jurisdiction, (Docket Nos. [30]), is DENIED, without prejudice to renewing said arguments in a motion for summary judgment filed after the completion of fact discovery in this case; and

IT IS FURTHER ORDERED that oral argument scheduled for January 4, 2017 is **cancelled**.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: December 29, 2016

cc/ecf: All counsel of record