# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDY SOKOL, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Civil Action No. 16-1477 |
| ) | |
| BRENT CLARK, M.D. P.C., BRENT ) | |
| CLARK, and JUDY CLARK, ) | |
| ) | |
| Defendants/Counter Claimants ) | |
| ) | |
| vs. ) | |
| ) | |
| BRANDY SOKOL, ) | |
| ) | |
| Counter Defendant. ) | |

## Memorandum Opinion

Pending before the court is the motion for summary judgment filed by plaintiff/counter defendant Brandy Sokol ("Plaintiff" or "Ms. Sokol") (Docket No. 109) and the motion for partial summary judgment filed by defendants/counter claimants Brent Clark, M.D. P.C. (the "Corporation"), Brent Clark ("Dr. Clark"), and Judy Clark ("Mrs. Clark), (collectively "Defendants" or "the Clark Defendants") (Docket No. 106).

Ms. Sokol's motion for summary judgment seeks judgment in her favor as a matter of law as to Count I of Dr. Clark and Mrs. Clark's counterclaim against her.[1] Count I alleges that Ms. Sokol, Dr. Clark and Mrs. Clark entered into a Residential Lease Agreement and that Ms. Sokol breached the contract. (Docket No. 1 at ¶¶ 1-10). In support of her motion, Ms. Sokol has filed a memorandum of law (Docket No. 110), a statement of undisputed material facts

---

[1] By Order of Court dated February 9, 2017 (Docket No. 41), the Court granted the parties' Stipulation To Withdraw Brent Clark M.D., P.C. as Counterclaimant (Docket No. 40) and dismissed the counterclaim as to the Corporation.

("Plaintiff's Statement of Undisputed Material Facts") (Docket No. 111), and an appendix with exhibits (Docket Nos. 112-113), and a reply brief in support of her motion for summary judgment[2] (Docket No. 124).

In response to Ms. Sokol's motion for summary judgment, Dr. Clark and Mrs. Clark filed a brief in opposition to plaintiff's motion for summary judgment ("Individual Defendants' Opposition Brief") (Docket No. 115), a response to plaintiff's statement of undisputed material facts (Docket No. 116), and an appendix with exhibits (Docket No. 119).

The Clark Defendants' motion for partial summary judgment seeks judgment as a matter of law as to Count XI of Plaintiff's Complaint against them and as to Plaintiff's claim in the Complaint for emotional distress and damages thereto. Count XI of Ms. Sokol's Complaint alleges a malicious prosecution claim against the Clark Defendants based upon Mrs. Clark allegedly initiating a landlord tenant lawsuit against Ms. Sokol without probable cause to do so in retaliation for Ms. Sokol making a demand related to the enforcement of her rights pursuant to Title VII of the Civil Rights Act of 1964, the Pennsylvania Human Relations Act, the Fair Housing Act, and the Pennsylvania Wage Payment and Collection Law. (Docket No. 1 at ¶¶ 84-87). In support of their motion for partial summary judgment, the Clark Defendants filed a brief in support (Docket No. 107), a statement of material facts not in dispute ("Clark Defendants' Statement of Material Facts Not in Dispute") (Docket No. 108), and exhibits in support thereof

---

[2]Reply briefs were due no later than November 1, 2017 and sur-reply briefs were due no later than November 15, 2017. (Docket Nos. 69, 74 at 14). The plaintiff's reply brief was filed at 1:07 A.M. on November 2, 2017. While not timely filed, because of this court's inherent authority to control its docket, *see Eash v. Riggins Trucking, Inc.*, 757 F.2d 557, 567 (3d Cir. 1985) ("A court's inherent power to manage its caseload, control its docket, and regulate the conduct of attorneys before it, provides authority to fashion tools that aid the court in getting on with the business of deciding cases."), and because the defendants were given the opportunity to file a sur-reply to the plaintiff's reply, which they did not file, the Court concludes that the defendants will not suffer any prejudice from the plaintiff's late submission and it will consider the arguments made by Ms. Sokol in her reply brief.

(Docket Nos. 106-2-106-12). The defendants also filed a reply brief (Docket No. 122) and a response to the plaintiff's statement of undisputed material facts (Docket No. 123).

In response to the Clark Defendants' motion for partial summary judgment, Ms. Sokol filed a brief ("Plaintiff's Opposition Brief") (Docket No. 120), and a response statement of undisputed material facts (Docket No. 121).

A hearing on the cross-motions for summary judgment was held on November 20, 2017 (Docket No. 126). At the conclusion of the hearing, the parties indicated that they did not need a transcript of the proceeding or additional time to submit supplemental briefs. This matter, thus, is fully briefed, argued, and ripe for disposition. As more fully explained below, Ms. Sokol's motion for summary judgment will be denied as to the counterclaim for breach of contract filed against her by Dr. Clark and Mrs. Clark, and the Clark Defendants' motion for partial summary judgment will be granted as to Count XI of the Complaint filed against them for malicious prosecution and will be denied as to Plaintiff's claim in the Complaint for emotional distress and damages thereto.

**I. Standard of Review.**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). The parties must support their respective position by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). In other words, summary judgment may be granted only if there exists no genuine issue of material fact that would permit a reasonable jury to find for the

nonmoving party.  *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505 (1986).  "When confronted with cross-motions for summary judgment, the 'court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard.'"  *Anderson v. Franklin Inst.* 185 F. Supp. 3d 628, 635 (E.D. Pa. 2016) (quoting *Schlegel v. Life Ins. Co. of N. America*, 269 F. Supp. 2d 612, 615 n. 1 (E.D. Pa. 2003); Charles A. Wright, Arthur R. Miller et al., 10A Fed. Prac. and Proc. § 2720 (3d ed. 1998)).

In reviewing the evidence, the court draws all reasonable inferences in favor of the non-moving party.  *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); *Huston v. Procter & Gamble Paper Prod. Corp.*, 568 F.3d 100, 104 (3d Cir. 2009) (citations omitted).  It is not the court's role to weigh the disputed evidence and decide which is more probative, or to make credibility determinations.  *See Anderson*, 477 U.S. at 255; *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004); *Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  *Anderson,* 477 U.S. at 247-48.  An issue is "genuine" if a reasonable jury could possibly hold in the non-movant's favor with regard to that issue.  *See id.*  "Where the record taken as a whole could not lead a reasonable trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Matsushita,* 475 U.S. at 587; *Huston*, 568 F.3d at 104.

**II. Relevant Facts.**

Defendants Dr. Clark and Mrs. Clark are the record owners of a duplex located at 100-122 Howard Street, Pittsburgh, Pennsylvania 15235 (the "Subject Property"). (Docket No. 40 at ¶ 2). The Subject Property was rented by the plaintiff, Brandy Sokol, a.k.a. Brandy Foster, from the individually-named defendants, Brent Clark and Judy Clark. (*Id.* at ¶ 3).

Ms. Sokol did not pay her rent for the month of August, 2015. (Docket No. 119-4 at 15). On August 17, 2015, Mrs. Clark hand delivered to Ms. Sokol a Notice to Pay Rent or Quit. (Docket No. 122-1). On September 5, 2015, Mrs. Clark posted a notice to vacate property by "POSTING NOTICE ON PREMISES IN A CONSPICIOUS PLACE ON THE LEASED PROPERTY." (Docket No. 106-5 at 2). On September 8, 2015, counsel for Ms. Sokol sent a letter by facsimile to Dr. Clark on Ms. Sokol's behalf in which she complained that Dr. Clark was sexually harassing her. (Docket Nos. 119-9, 119-11 at 76).

On September 15, 2015, Mrs. Clark filed a Landlord Tenant Complaint in the Magisterial District Court, docket number MJ-05-2-06-LT-0000449-2015 against Ms. Sokol. (Docket No. 106-2). A hearing was held on September 23, 2015 and the magisterial district judge entered judgment in favor of Mrs. Clark in the amount of $4594.50. (Docket Nos. 106-3, 112-1).

On October 23, 2015, Ms. Sokol appealed the judgment. (Docket No. 108 at ¶ 3). Mrs. Clark then filed a Landlord Complaint against Ms. Sokol, seeking possession and a dollar amount of $5018.16. (*Id.* at ¶ 4). Ms. Sokol filed an Answer to Plaintiff's Complaint, New Matter and Counter-Claims in which she alleged a civil conspiracy to retaliate claim against Mrs. Clark. (*Id.* at ¶ 5). Specifically, Ms. Sokol alleged that Mrs. Clark filed the complaint for due rent because Ms. Sokol had demanded her due wages from Dr. Clark pursuant to the

5

Pennsylvania Wage Payment Collection Law ("PWPCL"). (Docket No. 106-6 at ¶¶ 8-14). Mrs. Clark filed preliminary objections to the counter-claim and a supporting brief. (Docket No. 106-7). In support of the preliminary objections, Mrs. Clark argued that the counterclaim should be dismissed for improper venue and because the counterclaim was one for violation of the Dragonetti Act, 42 Pa.C.S.A. § 8351, and it did not meet the elements of such a claim in that such a claim "requires that **'[the] proceedings have terminated in favor of the person against whom they are brought,**" and "[h]ere, the underlying litigation is still pending." (Docket No. 106-7 at 5-8, 21-22) (emphasis in original). Ms. Sokol filed a response to the preliminary objections. (Docket No. 106-8). By Order of Court dated April 2, 2016, without any accompanying analysis, a state court judge sustained Mrs. Clark's preliminary objections and ordered that Ms. Sokol's new matter and counterclaim "are dismissed forthwith." (Docket Nos. 106-9, 112-2 at 2).

An arbitration panel heard the case on June 23, 2016 and on the same day, ruled in favor of Mrs. Clark, awarding her $1986.00. (Docket Nos. 106-10, 112-3). Ms. Sokol appealed the arbitration award and the case was set to go to trial on September 16, 2016. (Docket Nos. 106-11, 111 at ¶ 14). On September 13, 2016, Mrs. Clark filed a praecipe to discontinue without prejudice pursuant to Pa.R.Civ.P. 229, signed by counsel for both parties, asking that the department of court records – civil division "[k]indly mark the above docket as discontinued without prejudice pursuant to Pa.R.C.P. 229." (Docket. No. 106-12). Ms. Sokol then filed her Complaint in this case on September 26, 2016. (Docket No. 1).

**III. Legal Analysis of Plaintiff's Motion for Summary Judgment.**

    **A. Count I of Counterclaim- Breach of Contract claim.**

        **1. Collateral Estoppel argument.**

In support of her motion as to Count I of Dr. Clark and Mrs. Clark's counterclaim against her, Ms. Sokol first argues that she is entitled to summary judgment on the breach of contract claim filed against her because the claim is identical to a claim previously litigated in state court and therefore, Dr. Clark and Mrs. Clark are collaterally estopped from litigating the claim in federal court. (Docket No. 110 at 1-2). In particular, Ms. Sokol contends:

> First, the issues in both the Court of Common Pleas case and in the Counterclaim in the instant matter are unpaid rent and property damage. SOF ¶ 3; ECF No. 26. Secondly, there was a final judgment in the form of a discontinuance in the Court of Common Pleas of Allegheny County. SOF ¶¶ 13-14. Counterclaim Defendant, by virtue of Counterclaim Plaintiffs' discontinuance, was successful in Allegheny County. *Id.* Third, the Counterclaim Defendant [Ms. Sokol] and Counterclaim [Plaintiff] Judy Clark were both parties in the Court of Common Pleas case. SOF ¶ 3. Lastly, Counterclaim [Plaintiffs] had every opportunity to litigate the issue in the Court of Common Pleas case, however, they chose to discontinue the matter. SOF ¶ 11-12.

(*Id.* at 4).

In response, Dr. Clark and Mrs. Clark contend that collateral estoppel is not applicable with respect to their breach of contract claim against Ms. Sokol for a number of reasons. One, the issues in the prior state court case are not identical with the issue presented in this action; "[n]ot only are the damages claimed different, with the Common Pleas action seeking possession, unpaid rent and property damages, and the instant action seeking unpaid rent and property damages, but even the parties themselves are different, as the Common Pleas action was between Judy Clark and Brandy Foster [Sokol], while the instant action is between Brent Clark & Judy [Clark] and Brandy Sokol." (Docket No. 115 at 3-4). Two, because the state court case was discontinued, "the Court of Common Pleas did not hear the prior case, they have not reached

7

any decision on the matter." (*Id.* at 4). Three, there was not a final judgment on the merits because a discontinuance is not a final judgment. (*Id.*).

In *GGNSC Uniontown, LP v. Bauer*, No. CV 15-231, 2015 WL 9304508 (W.D. Pa. Dec. 22, 2015), the court explained:

> Federal courts "must give the acts of Pennsylvania's courts the same full faith and credit in federal court that they would enjoy in Pennsylvania's courts." *Greenleaf v. Garlock Inc.*, 174 F.3d 352, 357 (3d Cir. 1999) (citations omitted). In determining the preclusive effect of a state court decision, this Court should look at the law of the adjudicating state, Pennsylvania. *See id.* at 357-58. Additionally, "[b]ecause of the similarity of issue preclusion under Pennsylvania law and federal common law," federal courts may also "draw on federal authority" in analyzing issue preclusion. *Penn Mont Securities v. Frucher*, 502 F.Supp.2d 443 at n. 8 (E.D. Pa. 2007). Under Pennsylvania law, another court's determination of an issue has preclusive effect if: (1) the issue decided in the prior adjudication was identical to the one presented in the later action; (2) there was a final judgment on the merits; (3) the party against whom issue preclusion is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in the prior action. *Cemex, Inc. v. Indus. Contracting & Erecting, Inc.*, 2006 WL 1785564, at *3 (W.D. Pa. June 26, 2006) aff'd, 254 F. App'x 148 (3d Cir. 2007) (citing *Tucker v. Philadelphia Daily News*, 848 A.2d 113, 120 (Pa. 2004)).

*GGNSC Uniontown, LP*, 2015 WL 9304508, at *2. With respect to the query of "whether there was a final judgment on the merits, in *Boardakan Rest. LLC v. Atl. Pier Assocs., LLC*, No. CIV.A. 11-5676, 2013 WL 5468264 (E.D. Pa. Oct. 2, 2013), the district court explained: "[a]n 'on the merits' judgment is one based on substantive law, rather than procedural rules." *Boardakan Rest. LLC*, 2013 WL 5468264, at *7 (citing *Brown v. Cooney*, 442 A.2d 324, 326 (Pa. Super. 1982)). *See also Pennsylvania v. Holder*, 805 A.2d 499, 502 (Pa. 2002) (concluding that under Pennsylvania law, a party is collaterally estopped from re-litigating an issue when: "1) the issues in the two actions are sufficiently similar and sufficiently material to justify invoking the doctrine; 2) the issue was actually litigated in the first action; and 3) a final judgment on the specific issue in question was issued in the first action").

8

In the instant matter, the state court action was voluntarily discontinued by Mrs. Clark, the plaintiff in the case, prior to the trial court's *de novo* review of her breach of contract claim against Ms. Sokol. (Docket. No. 106-12). As such, there was not a judgment based on substantive law, the state court proceeding did not result in a final judgment on the merits, and Dr. Clark and Mrs. Clark are not collaterally estopped from bringing their breach of contract counterclaim against Ms. Sokol in this action. To the extent that Ms. Sokol's motion for summary judgment on the breach of contract counterclaim against her is based upon the Clark Defendants being collaterally estopped from bringing such a counterclaim, her motion for summary judgment shall be denied.

### 2. Statute of Limitations argument.

Ms. Sokol also contends that Dr. Clark and Mrs. Clark's counterclaim against her for breach of contract is barred by the applicable statute of limitations and therefore, summary judgment on the counterclaim should be granted in her favor. (Docket No. 110 at 4-6). "Counterclaim Plaintiffs voluntarily dismissed their action and were free to refile within the statute of limitation. Counterclaim Plaintiffs' motive, as well as Counterclaim Defendant's motive, is irrelevant, unless either party dismissed the action to harass the other party. Counterclaim Plaintiffs chose not to refile their claims prior to the expiration of the statute of limitations; therefore, their claims are now time-barred." (*Id.* at 4). The statute of limitations which Plaintiff contends is applicable to bar the breach of contract claim against her is that set forth in 42 Pa.C.S. § 7342(b). (*Id.*). This statutory subsection provides: "(b) Confirmation and judgment.--On application of a party made more than 30 days after an award is made by an arbitrator under section 7341 (relating to common law arbitration), the court shall enter an order confirming the award and shall enter a judgment or decree in conformity with the order. Section

9

7302(d)(2) (relating to special application) shall not be applicable to proceedings under this subchapter." 42 Pa. Stat. and Cons. Stat. Ann. § 7342 (West). Ms. Sokol further explains:

> This claim was scheduled for a jury trial from an arbitration appeal in the Court of Common Pleas of Allegheny County. SOF ¶ 8, 9. The statute of limitations to file for a de novo trial from arbitration was July 23, 2016, or thirty days from the arbitration award entered on June 23, 2016. 42 Pa.C.S. § 7342(b); SOF ¶ 7. Counterclaim Defendant filed her appeal on July 12, 2016, the nineteenth day of the appeal period, leaving eleven days remaining on the statute of limitations. SOF ¶ 8. A trial was scheduled for September 16, 2016. SOF ¶ 9. On September 2, 2016, Clarks' attorney asked if the undersigned "considered switching to non-jury." SOF ¶ 10. On September 9, 2016, Counterclaim Plaintiffs' attorney filed a Praecipe to Discontinue the claim. SOF ¶ 11. On September 13, 2016, Counterclaim Plaintiffs' attorney asked if the undersigned was going to "sign off on the settle and discontinue" and that the undersigned has "no basis to not sign off on it." SOF ¶ 12. Counterclaim Plaintiffs had the burden of production and the burden of persuasion at the jury trial. SOF ¶ 14.
>
> On September 15, 2016, the jury trial was discontinued. SOF ¶ 13. When the jury trial was discontinued, the Counterclaim Plaintiffs had eleven days to re-file the claims under the statute of limitations. Counterclaim Plaintiffs did not file their claims for another sixty-three days when Counterclaim Plaintiffs filed their counterclaim in this matter. SOF ¶ 16. The counterclaims in this matter are identical to the claims at issue in the arbitration award. SOF ¶ 17. Therefore, Counterclaim Defendant is entitled to Summary Judgment as the Counterclaim Plaintiffs are barred by the Statute of Limitations.

(Docket No. 110 at 5-6).

In response, Dr. Clark and Mrs. Clark contend first that Ms. Sokol is not entitled to summary judgment on the breach of contract counterclaim because the proper limitations period under Pennsylvania law for their breach of contract claim against Ms. Sokol is four years per 42 Pa. Cons. Stat. § 5525, and therefore, because the events underlying the claim occurred in August 2015, the applicable limitations period has not yet run on the breach of contract claim against Ms. Sokol. (Docket No. 115 at 5). Dr. Clark and Mrs. Clark further argue that Ms. Sokol's contention that the limitations period has run on their breach of contract claim pursuant to 42 Pa.C.S. §7342(b) because in the state court action Mrs. Clark did not re-file her breach of

10

contract claim against Ms. Sokol within eleven days after she voluntarily discontinued it simply is legally and factually incorrect.

The Court finds that, pursuant to 42 Pa. Cons. Stat. Ann. § 5525, the Clarks had four years from the date Ms. Sokol allegedly breached the rental agreement entered into by the parties to bring their breach of contract claim against Ms. Sokol. 42 Pa. Cons. Stat. § 5525 (West). That Mrs. Clark had voluntarily discontinued the state court case against Ms. Sokol after the arbitration board had entered judgment in favor of Mrs. Clark and Ms. Sokol had appealed the judgment to the Court of Common Pleas does not affect or otherwise shorten the applicable limitations period. *See Williams Studio Div. of Photography by Tallas, Inc. v. Nationwide Mut. Fire Ins. Co.*, 550 A.2d 1333, 1335 (1988) ("In sum, we hold that a voluntary nonsuit operates to leave the parties as if no action had been filed at all."). In other words, 42 Pa. Cons. Stat. Ann. §7342(b) simply does not compel the result sought by Ms. Sokol. *See U.S. Claims, Inc. v. Dougherty*, 914 A.2d 874, 877 (Pa. Super. 2006) ("This Court has consistently interpreted section 7342(b) to require that any challenge to the arbitration award be made in an appeal to the Court of Common Pleas, by filing a petition to vacate or modify the arbitration award within 30 days of the date of the award. A party must raise alleged errors in the arbitration process in a timely petition to vacate or modify the arbitration award or the claims are forever waived.") (citations omitted).

Having held that the applicable limitations period on the breach of contract counterclaim is four years, the Court must next determine whether the claim has been timely filed. Viewing the evidence of record in a light most favorable to Dr. Clark and Mrs. Clark, the events that triggered the applicable limitations period for the counterclaim occurred on or August 1, 2015, when Ms. Sokol did not remit her monthly rent payment as required under the terms of the

parties' contract. (Docket No. 119-4 at 15). The breach of contract counterclaim was filed in this case on November 17, 2016. (Docket No. 26). Accordingly, the four-year statute of limitations had not run on the Clark Defendants' breach of contract counterclaim when they filed the claim on November 17, 2016, and Ms. Sokol's motion for summary judgment on the breach of contract counterclaim against her based on the statute of limitations having expired shall be denied.

**IV. Legal Analysis of Clark Defendants' Motion for Partial Summary Judgment.**

    **A. Count XI- Ms. Sokol's malicious prosecution claim.**

As stated previously, Count XI of Ms. Sokol's Complaint alleges a malicious prosecution claim against Dr. Clark and Mrs. Clark based upon Mrs. Clark allegedly initiating a landlord-tenant lawsuit against Ms. Sokol without probable cause to do so in retaliation for Ms. Sokol making a demand related to the enforcement of her rights pursuant to Title VII, the PHRA, the FHA, and the PWPCL. (Docket No. 1 at ¶¶ 84-87).

To prove a malicious prosecution claim under Pennsylvania law, a plaintiff must show that the defendant 'instituted proceedings against the plaintiff 1) without probable cause, 2) with malice, and 3) the proceedings must have terminated in favor of the plaintiff.'" *Zimmerman v. Corbett*, 873 F.3d 414, 418 (3d Cir. 2017) (quoting *Kelley v. Gen. Teamsters, Chauffeurs & Helpers, Local Union 249*, 544 A.2d 940, 941 (Pa. 1988)).

    **1. Collateral Estoppel.**

The defendants first contend that summary judgment should be granted in their favor as to Ms. Sokol's malicious prosecution claim against them because the issues of whether Mrs. Clark had probable cause to bring a landlord tenant action and whether she brought the landlord tenant action against Ms. Sokol solely to retaliate against her for exercising her "Protected

Activity" rights have already been litigated in the state court action, and therefore, Ms. Sokol is collaterally estopped from asserting these issues in this case. (*Id.* at 6-7). More specifically, the defendants contend:

> In Sokol's New Matter to the Landlord-Tenant Complaint at Exhibit E, she alleged sexual harassment by the Defendants at her residence; and her Counterclaim alleged the Defendants conspired to evict her in retaliation of the sexual harassment allegations. Judge Wettick dismissed both the New Matter and Counterclaim from the record, thereby striking the issue of civil conspiracy and wrongful eviction entirely. *See Exhibit H*. The Plaintiff is precluded from relitigating these same issues per the doctrine of Collateral Estoppel, as the Plaintiff and Defendants previously litigated the same claims in arbitration of the Allegheny County Court of Common Pleas where the board of arbitrators ruled in favor of the Defendants, on the merits of the case. *See Exhibit I*.

(*Id.* at 7).

In response, Ms. Sokol argues that her state court malicious prosecution claim was dismissed by way of preliminary objections and "disposition by way of preliminary objection is not a decision on the merits of the claim." (Docket No. 120 at 5).

The Court will deny the defendants' motion for summary judgment on the plaintiff's malicious prosecution claim against Dr. Clark and Mrs. Clark premised upon a collateral estoppel/claim preclusion argument for two reasons. First, contrary to the defendants' argument, in her state court counterclaim, Ms. Sokol did not allege that the defendants conspired to evict her in retaliation of the sexual harassment allegations, but rather alleged "Plaintiff and B. [Clark] conspired or otherwise agreed to file a false claim to retaliate against [Sokol] for demanding her due wages." (Docket No. 106-6 at ¶14). Accordingly, Ms. Sokol would not be collaterally estopped from bringing a malicious prosecution claim against Dr. Clark and Mrs. Clark premised upon the defendants' retaliating against Ms. Sokol for her complaining of sexual harassment by Dr. Clark. Second, Mrs. Clark's preliminary objections in the state court action asserted both a procedural basis (wrong venue) and a substantive basis (failure to state a claim upon which relief

13

can be granted) for the dismissal of Ms. Sokol's counterclaim, in granting Mrs. Clark's preliminary objections and dismissing the counterclaim, the state court did not explain on which basis it was granting the preliminary objections and dismissing the claim, and absent such evidence, this Court cannot know whether the claim was dismissed for a substantive reason, which is an adjudication on the merits, or for a procedural reason, which is not an adjudication on the merits. *See Untracht v. Fikri*, 454 F. Supp. 2d 289, 305-06 (W.D. Pa. 2006) (court denied motion for summary judgment that contended that claims were barred by collateral estoppel/claim preclusion where the orders dismissing earlier state court cases did not specify on which preliminary objection the cases were dismissed and therefore, the court could not determine whether or not there had been an adjudication of the claims on the merits).

**2. Sufficiency of evidence in support of malicious prosecution claim.**

Dr. Clark and Mrs. Clark further argue that summary judgment must be granted in their favor with respect to Ms. Sokol's malicious prosecution claim against them because the plaintiff has not come forward with evidence to support the claim. In support thereof, the defendants first argue that the underlying litigation did not terminate in Ms. Sokol's favor. (Docket. No. 107 at 3-5). Rather, defendants contend, "[t]his matter had been litigated at multiple different judicial levels, all of which resolved in favor of Judy Clark," and then the parties jointly agreed to discontinue the matter without prejudice, as supported by the praecipe to discontinue being signed by attorneys for both parties. (*Id.*). They further argue that in light of the ruling of the magisterial district judge in Mrs. Clark's favor and the unanimous decision of the board of arbitrators finding in favor of Mrs. Clark, "[i]t is impossible to find that Judy Clark acted in a grossly negligent manner or without probable cause." (*Id.* at 5-6).

14

In response, Ms. Sokol contends that she has come forward with sufficient evidence to show that the defendants' conduct in filing the landlord tenant complaint was initiated or maintained without probable cause and for retaliatory reasons in that she has presented evidence that shows that the landlord tenant complaint was filed on September 15, 2015, seven days after she engaged in protected activity on September 8, 2015 when her attorney faxed to Dr. Clark a letter accusing Dr. Clark of sexually harassing Plaintiff. (Docket No. 120 at 4). Ms. Sokol further contends that when she appealed the arbitration board's decision, which entitled her to a *de novo* review of Mrs. Clark's complaint and Mrs. Clark thereafter discontinued the state court action and did not refile it within the time permitted for appealing an arbitration decision, the action terminated in her favor. (*Id.* at 4-5).

In reply, the defendants contend that Ms. Sokol has not adduced any evidence to support that there was not probable cause for Mrs. Clark to bring the eviction suit. (Docket No. 122 at 3). The defendants further posit that the plaintiff's temporal proximity argument does not raise a genuine issue of material fact as to her malicious prosecution claim because the evidence of record supports that Mrs. Clark started the eviction process prior to Ms. Sokol faxing her letter claiming discrimination and harassment to Dr. Clark. (*Id.*). More specifically, the defendants argue that the evidence of record shows that prior to Ms. Sokol sending the letter to Dr. Clark on September 8, 2015, Mrs. Clark had, on August 17, 2015 and September 5, 2015, provided Ms. Sokol with a Notice to Pay Rent or Quit, and "[a]s such, by providing the notice to quit, Judy Clark had initiated the eviction action, prior to any protected activity by Plaintiff and thus, there is no temporal proximity." (*Id.* at 4). Finally, the defendants argue that the discontinuance of the state court litigation without prejudice "does not effectuate a final judgment on the merits" and

therefore, Ms. Sokol has not come forward with evidence that the state court action terminated in her favor. (*Id.* at 5-6).

Viewing the facts of evidence in a light most favorable to Ms. Sokol, the Court finds that based on the temporal proximity between the time Ms. Sokol's attorney sent the letter to Dr. Clark on September 8, 2015, and the time Mrs. Clark filed her landlord complaint on September 15, 2015, there is a genuine issue of material fact as to whether Mrs. Clark initiated or maintained the proceedings in state court, which included requested relief of possession and damages, for retaliatory reasons. In so holding, the Court recognizes that the record evidence shows that prior to the letter from Plaintiff's counsel being sent to Dr. Clark on September 8, 2015, informing him that Plaintiff was accusing him of sexual harassment, Mrs. Clark had begun the process for evicting Plaintiff in that Mrs. Clark had on August 17, 2015, hand delivered to Ms. Sokol a Notice to Pay Rent or Quit and on September 5, 2015, had posted a notice to vacate property by "POSTING NOTICE ON PREMISES IN A CONSPICIOUS PLACE ON THE LEASED PROPERTY"[3] and that under Pennsylvania statutory law, "a landlord must give a tenant ... notice in writing before commencing eviction proceedings." *Williams v. Kusnairs Bar & Tavern*, 288 F. App'x. 847, 849–50, 2008 WL 2893693, at *2 (3d Cir. July 29, 2008) (citing 68 Pa. Stat. Ann. § 250.501). Indeed, in *Brooker v. Altoona Hous. Auth.*, No. 3:11-CV-95, 2013 WL 2896814 (W.D. Pa. June 12, 2013), the district court stated: "[i]t is undisputed that a "notice to quit" was placed on the door to Brooker's apartment. That is the first step that must be taken by '[a] landlord desirous of repossessing real property from a tenant'" and "[a]t least one Pennsylvania court has referred to the service of a 'notice to quit' as the initiation of 'eviction proceedings.'" *Brooker*, 2013 WL 2896814, at *18 (citing 68 Pa. Stat. §250.501(a); *Pheasant*

---

[3] (Docket Nos. 106-5 at 2; 122-1).

16

*Hill Estates Associates v. Milovich*, 33 Pa. D. & C. 4th 74, 76 (Ct. Comm. Pl. 1996)). Nevertheless, viewing the evidence in light most favorable to Ms. Sokol, a reasonable jury could conclude that Mrs. Clark initiated or maintained the proceedings before the magisterial district judge for retaliatory reasons.

Having so held, the Court further finds that even viewing the evidence in a light most favorable to Ms. Sokol as the non-moving party, the plaintiff has not come forward with any evidence that raises a genuine issue of material fact as to whether Mrs. Clark had probable cause to initiate or maintain the state court proceedings. In other words, the temporal proximity between the receipt of the September 8, 2015 letter and Mrs. Clark filing the landlord complaint on September 15, 2015 does not raise a genuine issue of material fact on the probable cause element of the plaintiff's malicious prosecution claim. Notably Ms. Sokol has not submitted any evidence that suggests that she had paid her rent in August 2015 and to the contrary, the evidence of record, in particular the magisterial district judge's decision in favor of Mrs. Clark on her landlord complaint and the board of arbitrators' ruling in favor of Mrs. Clark on her landlord complaint, supports the position that Mrs. Clark had probable cause to file and maintain a landlord complaint against Ms. Sokol in state court. Accordingly, the defendants' motion for summary judgment on the plaintiff's malicious prosecution claim shall be granted.

**B. Ms. Sokol's claim for emotional distress and damages thereto**

The defendants also move for summary judgment on any claim by Ms. Sokol for emotional damages and/or emotional distress. (Docket No. 107 at 8). This argument is premised upon the allegation in the plaintiff's Complaint that "Ms. Sokol is currently seeking the help of a therapist to deal with the hostile work environment and extreme sexual harassment that Ms.

17

Sokol endured while working for the Defendant Corporation, and while living as Defendants' tenant." (Docket No. 1 at ¶ 21).

In support of this part of their motion for summary judgment, the defendants first contend that to the extent that Ms. Sokol is attempting to state a claim for intentional infliction of emotional distress ("IIED"), summary judgment must be granted in their favor because based upon the medical records from Chestnut Ridge Counseling Services contained in the record, the plaintiff "is unable to provide evidence that [Dr. Clark's] behavior caused emotional distress and that distress was severe," two of the elements that must be established for claim for IIED to be successful. (Docket No. 107 at 9). The defendants further argue that the records from the counseling service show that the plaintiff was seeking medical services "not for the 'hostile work environment and extreme sexual harassments that Ms. Sokol endured' as claimed in Sokol's complaint, but rather for a lengthy history described in the records," as evidenced by the fact that the law suit is only mentioned once in the records and then only mentions sexual innuendos on the part of Dr. Clark. (*Id.*). The defendants conclude their arguments by stating that a review of the plaintiff's medical records from Chestnut Ridge Counseling Services and Centerville Clinic shows that "there was no emotional damage that can be demonstrated or will be able to be demonstrated as to Sokol that could be correlated with the alleged actions of [Dr.] Clark." (*Id.* at 9-10).

In response, the plaintiff argues that one of her claims is a claim for battery as to Dr. Clark and that she does not need "independent medical evidence of a physical injury to recover compensatory damages [for such a tort], including those for emotional distress." (Docket No. 120) (citing *Montgomery v. Bazaz-Sehgal*, 798 A.2d 742, 751-52 (Pa. 2002); *Romani-Ruby v. Roman*, 114 WDA 2015, 2016 WL 81773, at *2 (Pa Super. Jan. 6, 2016)). Ms. Sokol further

18

contends "[e]ven if this court were to grant Defendant's motion on common law grounds, Sokol would still have opportunity under Third Circuit law to recover for emotional distress borne from the violation of her civil rights. (*Id.*) (citing *Bolden v. Southeastern Pennsylvania Transp. Auth.*, 21 F.3d 29 (3d Cir. 1994) (holding expert testimony is not necessary to corroborate a claim for emotional distress in a civil rights case)).

In reply, the defendants counter that emotional distress damages are not recoverable absent expert testimony, which Ms. Sokol has not provided, and that the plaintiff's argument concerning damages for civil rights violations is inapplicable since this case does not involve a § 1983 civil rights claim. (Docket No. 122 at 7-10).

Upon review of Plaintiff's complaint, as substantiated by her brief in opposition to the defendants' motion for summary judgment, the Court finds that Ms. Sokol is not alleging in her complaint a claim for IIED. (*See* Docket No. 1). Accordingly, it is not necessary for the Court to address any of the defendants' arguments related to a claim for IIED. The Court further finds that to the extent that Plaintiff's complaint alleges a battery claim against Dr. Clark, *see id.* at ¶¶ 21, 77-83, Ms. Sokol does not need expert testimony to establish that Dr. Clark's conduct caused her emotional distress in order to recover damages for said emotional distress. In *Montgomery v. Bazaz-Sehgal*, 742 A.2d 1125 (Pa. Super. 1999), the Pennsylvania Superior Court held that in a battery case, mental anguish damages are recoverable absent expert medical testimony where the causal connection between the conduct and the injury is "direct, obvious, and foreseeable," and on appeal, the Pennsylvania Supreme Court agreed: "[t]he law is well established that expert testimony is not necessary where the cause of an injury is clear and where the subject matter is within the experience and comprehension of lay jurors." *Montgomery v. Bazaz-Sehgal*, 798 A.2d 742, 752 (2002); *Montgomery*, 742 A.2d at 1133. Finally, contrary to

the defendants' argument, upon review of the plaintiff's medical records from Chestnut Ridge Counseling Services and Centerville Clinic, the Court does not find that these records "show[] that 'there was no emotional damage that can be demonstrated or will be able to be demonstrated as to Sokol that could be correlated with the alleged actions of [Dr.] Clark'." (Docket No. 122 at 9-10). For these reasons, the defendants' motion for summary judgment on any claim by Ms. Sokol for emotional damages and/or emotional distress shall be denied.

**V. Conclusion.**

For the foregoing reasons, the motion for summary judgment filed on behalf of the plaintiff/counter-defendant Brandy Sokol (Docket No. 109) will be denied, and the motion for summary judgment filed on behalf of the defendants Brent Clark and Judy Clark (Docket No. 106) will be granted as to the malicious prosecution claim filed by the plaintiff against Dr. Clark and Mrs. Clark and denied as to any claim by the plaintiff for emotional damages and/or emotional distress.

An appropriate Order follows.

Dated: November 22, 2017            By the Court:

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge