# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDY SOKOL, | ) |
| Plaintiff, | ) ) ) ) Civil Action No. 16-1477 |
| v. | ) ) Hon. Nora Barry Fischer |
| BRENT CLARK, M.D., P.C. and BRENT CLARK in his individual capacity, and JUDY CLARK in her individual capacity, | ) ) ) ) |
| Defendants. | ) |

## **MEMORANDUM ORDER**

Presently before the Court is Defendants' Motion to Dismiss and supporting brief, (Docket Nos. 139, 140), Plaintiff's brief in opposition, (Docket No. 143), and Defendants' reply, (Docket No. 146). After careful consideration of the parties' submissions; the standards governing motions to dismiss set forth by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and as articulated in Third Circuit precedent, *see, e.g.*, *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016); and for the following reasons, Defendants' Motion, (Docket No. 139), is GRANTED.

In so holding, the Court notes that Plaintiff asserted eleven claims against Defendants in her Complaint. (Docket No. 1 at ¶¶ 22-87). On November 16, 2016, the Court granted Plaintiff's motion to withdraw Counts I, II, and III from the Complaint. (Docket No. 25). On November 22, 2017, the Court granted summary judgment to Defendants as to Count XI of the Complaint. (Docket Nos. 127, 128). Accordingly, the remaining counts in Plaintiff's Complaint include her claims for the following: (1) hostile work environment, at Count IV; (2) constructive discharge, at Count V; (3) retaliation, at Count VI; (4) aiding and abetting, at Count VII; (5) civil conspiracy, at Count VIII; (6) housing discrimination, at Count IX; and (7) battery, at Count X. (Docket No.

1

1 at ¶¶ 40-83).[1]

Based upon the Court's summary judgment decision, Defendants argue that Judy Clark should be dismissed from this matter. (Docket No. 140). Specifically, Defendants note that the Court granted summary judgment as to Plaintiff's claim for malicious prosecution, at Count XI, after finding that "'the plaintiff has not come forward with any evidence that raises a genuine issue of material fact as to whether Mrs. Clark had probable cause to initiate or maintain the state court proceedings'" and holding that "'the evidence of record . . . supports the position that Mrs. Clark had probable cause to file and maintain a landlord complaint against Ms. Sokol in state court.'" (*Id.* at 4-5 (quoting Docket No. 127 at 17)). Defendants contend that, given the Court's decision, Plaintiff's civil conspiracy claim, at Count VIII, and housing discrimination claim, at Count IX, must be dismissed against Mrs. Clark because they are based upon Plaintiff's allegation that they falsely and maliciously initiated an eviction proceeding against her. (*Id.* at 5). Defendants request that Count VIII be dismissed in its entirety. (*Id.* at 5-6).

In response, Plaintiff concedes that Count VIII is no longer actionable. (Docket No. 143 at 4). Accordingly, the Court will dismiss Count VIII, with prejudice. As to Count IX, Plaintiff argues that her claim should not be dismissed because Mrs. Clark knew or should have known that she was subjected to unwelcome sexually-oriented conduct that was pervasive and severe in nature and that significantly interfered with her enjoyment of a housing benefit. (*Id.* at 2-3).

Despite Plaintiff's contentions, the allegations in her Complaint make clear that her claim against Mrs. Clark is based upon claim for malicious prosecution. Indeed, Plaintiff alleges that "Defendants falsely and maliciously evicted [her], as previously described in this Complaint" and that "Defendants coerced [sic] interfered with and intimidated [her] for exercising her rights under

---

[1] The claims remaining against Judy Clark include civil conspiracy, at Count VIII, and housing discrimination, at Count IX. (*See id.* at ¶¶ 64-76).

the FHA." (Docket No. 1 at ¶¶ 74-75). Further, Plaintiff's contention that Mrs. Clark "knew or should have known" that she was subjected to harassment is not included in her Complaint. (*Id.* at ¶¶ 72-76; Docket No. 143 at 2). The deadline to amend the Complaint passed on February 10, 2017, nearly one year ago, and Plaintiff never moved to amend.[2] (Docket No. 35 at 3). The assertions in Plaintiff's brief do not constitute allegations or an amendment. *See, e.g.*, *Swope v. City of Pittsburgh*, 90 F. Supp. 3d 400, 413 n.8 (W.D. Pa. 2014) (noting that the plaintiff's assertions were not included in his complaint, "which cannot be amended in a brief in opposition to a motion to dismiss"); *Trunzo v. Citi Mortg.*, 43 F. Supp. 3d 517, 521 (W.D. Pa. 2014) ("Plaintiffs cannot, in effect, amend their Amended Complaint via their Brief in Opposition") (internal quotations omitted).

Moreover, because Plaintiff has not pointed to any evidence supporting her bald assertions, an amendment of the Complaint would be futile. *See, e.g.*, *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000) ("An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted."); *Centifanti v. Nix*, 865 F.2d 1422, 1431 (3d Cir. 1989) ("[A] district court may properly deny leave to amend where the amendment would not withstand a motion to dismiss.").[3] Accordingly, because Plaintiff's claim against Mrs. Clark at Count IX is based upon her claim at Count XI for malicious prosecution, and

---

[2] Not only did Plaintiff never move to amend her Complaint, but she did not raise her position at summary judgment. The Court reached its decision with respect to summary judgment in November 2017. (Docket No. 127). Plaintiff cannot now set forth a new position. *See, e.g.*, *Jackson v. PNC Bank*, Nos. 15-CV-230, 15-CV-1559, 2018 U.S. Dist. LEXIS 10322 (W.D. Pa. Jan. 23, 2018) (declining to consider the plaintiffs' new arguments after the disposition of summary judgment).

[3] Permitting an amendment would further delay this matter, which would be prejudicial to Defendants. *See, e.g.*, *Jackson v. PNC Bank*, 2018 U.S. Dist. LEXIS 10322, at *23-24 (holding that prejudice would result if discovery were reopened because the deadline for fact discovery had passed and the Court had decided the parties' motions for summary judgment). To this end, with the agreement of the parties, trial in this case is presently set to commence on March 5, 2018. (Docket No. 138). The Court is not inclined to reschedule the trial, as Defendant Brent Clark is scheduled to be sentenced before Judge Arthur J. Schwab on March 13, 2018. (Docket No. 82 at Criminal No. 17-13).

given that the Court has dismissed said claim at summary judgment, Count IX must be dismissed against Mrs. Clark.[4]

For these reasons,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss [139] is GRANTED.

IT IS FURTHER ORDERED that Count VIII is DISMISSED, with prejudice, from Plaintiff's Complaint.

IT IS FURTHER ORDERED that Count IX against Defendant Judy Clark is DISMISSED, with prejudice, from Plaintiff's Complaint.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record

---

[4] Mrs. Clark remains as a party in this matter as a counter claimant to the extent that she intends to pursue said claim. (*See* Docket No. 26).