# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDY SOKOL, | )<br>) |
| Plaintiff, | )<br>) |
| | ) Civil Action No. 16-1477 |
| v. | )<br>) Hon. Nora Barry Fischer |
| BRENT CLARK, M.D., P.C. and BRENT<br>CLARK in his individual capacity, | )<br>)<br>) |
| Defendants. | ) |

## **MEMORANDUM ORDER**

This employment and housing discrimination case is scheduled for jury selection and trial on March 5, 2018, and the Court held a final pretrial conference on February 21, 2018. (Docket Nos. 138, 197). At the final pretrial conference, the Court made a number of rulings, and the parties indicated that they are prepared to proceed to trial. (Docket No. 197). The parties, having made a good-faith effort to negotiate prior to the conference, continued their discussions but were unable to resolve this matter. (*Id.*). Presently before the Court is Defendants' Motion to Stay Trial and supporting brief, (Docket Nos. 202, 203), and Plaintiff's brief in opposition, (Docket No. 205). After careful consideration of the parties' submissions, and for the following reasons, Defendants' Motion, (Docket No. 202), is GRANTED, in part, and DENIED, in part.

In so holding, it is well settled that a court has discretion to stay a proceeding where "the interests of justice . . . require such action." *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970). The Supreme Court has held that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants" and that courts must "weigh competing interests and maintain an even balance" in determining whether a stay is warranted. *Landis v. N. Am. Co.*, 299

1

U.S. 248, 254-55 (1936) (internal citations omitted); *see also In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982). Where there are parallel criminal proceedings, a stay of civil proceedings "may be warranted in certain circumstances," but the same "is not constitutionally required." *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 526 (D.N.J. 1998). Generally, courts consider six factors when deciding whether to grant a stay: (1) the extent to which the issues in the criminal and civil case overlap; (2) the status of the case, including whether the defendant has been indicted; (3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; (4) the private interests of and burdens on the defendant; (5) the interests of the court; and (6) the public interest. *Id.* at 527.

The Court finds that Defendant Brent Clark meets a number of the criteria set forth for a stay of these proceedings. *See id.* However, on further consideration, the Court holds that both Plaintiff and Defendants will be served by a continuance for good cause shown, rather than by a stay. To this end, Defendant Brent Clark was indicted at Criminal Action No. 17-103 on April 11, 2017. (Docket Nos. 1, 2 at No. 17-CR-103). Dr. Clark was charged at Counts One through Fourteen with fourteen counts of distribution of oxycodone, a Schedule II controlled substance, and Amphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and at Count Fifteen with one count of health care fraud, in violation of 18 U.S.C. § 1347. (*Id.*). On October 16, 2017, Dr. Clark pled guilty to Counts Five through Thirteen and Fifteen. (Docket Nos. 78, 79 at No. 17-CR-103). He is scheduled to be sentenced before Judge Arthur J. Schwab on March 13, 2018. (Docket No. 82 at No. 17-CR-103). As stated above, trial in the instant matter is scheduled imminently. (Docket No. 138).[1]

Federal Rule of Civil Procedure 6 provides that "[w]hen an act may or must be done within

---

[1] Unless otherwise specified, citations to the docket entries refer to those included in Civil Action No. 16-1477.

a specified time, the court may, for good cause, extend the time." FED. R. CIV. P. 6(b)(1). Federal Rule of Civil Procedure 16 similarly provides that "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "'Good cause' is understood to mean '[a] legally sufficient reason,' and it reflects 'the burden placed on a litigant to show why a request should be granted or an action excused.'" *Joseph v. Hess Oil V.I. Corp.*, 651 F.3d 348, 351 (3d Cir. 2011) (quoting BLACK'S LAW DICTIONARY 251 (9th ed. 2009)). The "good cause" inquiry "focuses on the moving party's burden to show due diligence." *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010). A court has "wide discretion to manage its docket." *N'Jai v. Bentz*, No. 13-CV-1212, 2016 U.S. Dist. LEXIS 78029, at *8 (W.D. Pa. June 14, 2016*); see also Hoffman v. Kennedy*, 30 F.R.D. 50, 51 (E.D. Pa. 1962); *Miller v. Ashcroft*, 76 F. App'x 457, 461 (3d Cir. 2003). Under the abuse of discretion standard, a trial court's control of its docket will not be disturbed "except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant." *Miller*, 76 F. App'x at 461; *see also In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982) (explaining that parties challenging a court's ruling "have a heavy burden to bear, . . . as matters of docket control . . . are committed to the sound discretion of the district court"). In managing its docket, a court must remain mindful that the "Federal Rules are meant to be applied in such a way as to promote justice." *McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 197 (3d Cir. 1998).

In exercising its discretion to continue the trial, the Court notes that during the final pretrial conference, Plaintiff advised that Dr. Clark would be called during her case-in-chief as on cross. (*See* Docket No. 197). The Court held that Dr. Clark's conviction for health care fraud will be admissible as evidence of crimen falsi. (*See* Docket No. 197). Given same, coupled with the fact that the Court has learned that Plaintiff was part of the investigation against Dr. Clark in his

3

criminal case, there is a potential that Dr. Clark may make statements during trial that would have implications in his criminal case.[2] Indeed, it is well settled that a court may consider any information about, *inter alia*, a defendant's background and history at a sentencing hearing. *See* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). Here, experienced criminal defense counsel has advised Dr. Clark that a continuance of this civil trial is in his best interest, as he faces a period of incarceration in his criminal case. In this Court's estimation, such circumstances establish good cause to continue trial. The Court further finds that Plaintiff will suffer no prejudice, as no particularly unique injury to Plaintiff has been established; Plaintiff is not aged or in such poor health that an expedited trial is necessitated; and Plaintiff has not proffered any fact or reason why a relatively slight delay of trial would harm her.

For these reasons,

IT IS HEREBY ORDERED that Defendants' Motion to Stay Trial [202] is GRANTED to the extent that the Court will continue trial until the conclusion of Defendant Brent Clark's criminal sentencing presently scheduled for March 13, 2018, but is DENIED at this time to the extent that Defendants seek a stay throughout Defendant Brent Clark's service of his sentence.

IT IS FURTHER ORDERED that, with the exception of the trial date, **all other deadlines remain as scheduled**.

---

[2] The same is true as to Carl T. Wilson, who is also known as Ted Wilson. Mr. Wilson pled guilty to Counts One and Two of the Superseding Indictment filed in Criminal Action No. 17-103. (Docket No. 86 at No. 17-CR-103). He is scheduled to be sentenced before Judge Schwab on March 15, 2018. (Docket No. 88 at 17-CR-103). Mr. Wilson is included as a witness on Defendants' witness list. (Docket No. 147).

IT IS FURTHER ORDERED that a status conference to reschedule trial will be held on **Monday, March 19, 2018, at 11:00 a.m. in Courtroom 5B**. The presence of lead trial counsel and the parties is **required**.

Finally, IT IS ORDERED that nothing in this Order shall preclude the parties from continuing their negotiations to resolve this matter short of trial.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record